JOHN F. DODGE *vs.* ALEXANDER D. BROWN.

One who purchases a promissory note for the indorser, even if he advances the funds him-self, does not become its holder so as to maintain an action upon it against the in-dorser.

CONTRACT to recover the amount due on four promissory notes signed by one Payne and indorsed by the defendant.

At the trial in this court before *Wells*, J., there was evidence that the plaintiff bought the notes, when overdue, of various hold-ers. The defendant introduced evidence to show that the plain-tiff took up the notes as the agent of the maker and indorser, and with money furnished wholly or partly by them, and that he was never a *bonâ fide* holder of the notes.

The court instructed the jury, " If the plaintiff paid money on behalf of Payne and Brown for these notes, then he is a creditor of Payne, or Brown, or both, for the money so paid, and not en-titled to hold the notes as purchaser." " If the plaintiff made an arrangement with Payne, or with Payne and Brown, to pur-chase the notes, to be used in their behalf, he must recover the amount he paid from the party with whom he made it." " If the plaintiff advanced money to Payne, or in his behalf, expect-ing an increase of payment to himself resulting from a compro-mise with his other creditors, it was an advance to Payne."

The court declined to give the following instruction asked for by the plaintiff: " If Payne and the plaintiff made an arrange-ment by which the plaintiff was to take up the notes for the benefit of Payne, on the condition that Payne could carry out his compromise with his creditors and reimburse the plaintiff the amount he paid, and Payne failed so to reimburse the plaintiff, then the plaintiff would become the holder of the notes and en-titled to recover against the defendant."

The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*E. Avery*, for the plaintiff.

*S. B. Ives, Jr.*, & *R. C. Lincoln*, for the defendant.

AMES, J. The plaintiff has no just ground of objection to the instructions given to the jury. If he was employed by Payne and Brown to get the control of these notes on their behalf, and for their benefit, he did not thereby become the indorsee or holder of the notes. To claim them in any such capacity would be inconsistent with such agency, and a violation of his trust as such agent. This would be too plain for denial, if he had purchased the notes, or obtained the control of them, with funds placed in his hands by Payne and Brown. It is hardly less so, if he advanced the necessary funds himself on their credit; and it would be on their credit, if he did so at their request or on their behalf. His claim in that case would be only for the money advanced, and not as a party to the notes. If the arrangement was to purchase the notes, to be used in their behalf, such an arrangement would be wholly inconsistent with a claim to use the notes against them. It would make no difference that one of his motives was to improve his own position in a compromise with the creditors of Payne, if the substance of the transaction was an advance of money to Payne, or in his behalf, although the mode in which such advance was made was by a payment on his account to the holder of the notes. For the same reason the instruction requested was properly refused. There is no mode in which the plaintiff could take up the notes for the benefit or in behalf of Payne, and convert himself into an indorsee of the notes and collect them of Payne, as such. The most he could claim would be the amount which he had advanced on his account.

*Exceptions overruled.*